IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| EDMUND KEITH BRADSHAW, )<br>            )<br>       Plaintiff,      )<br>            )<br>       v.       )<br>            )<br>OREGON STATE POLICE DEPARTMENT; )<br>IDENTIFICATION SERVICES SECTION; )<br>CHRIS P. BROWN, Superintendent; M. )<br>KELLY; COUNSELOR EDSALL; JOHN )<br>DOES 1-10; et al.,     )<br>            )<br>       Defendants.      )<br>_____ ) | Civil No.: 6:14-cv-00717-JE<br><br>FINDINGS AND<br>RECOMMENDATION |

Edmund Keith Bradshaw
#13922120
Oregon State Penitentiary
2605 State Street
Salem, OR 97310-0505

       Plaintiff *Pro Se*

Andrew D. Hallman
Oregon Department of Justice
1162 Court Street, NE
Salem, OR 97301

       Attorney for Defendants OSP, Identification Services Section,
       Superintendent Brown, and M. Kelly

FINDINGS & RECOMMENDATION – 1

JELDERKS, Magistrate Judge:

Plaintiff Bradshaw is an inmate at the Oregon State Penitentiary and is unrepresented by counsel. He brings this action against Defendants pursuant to 42 U.S.C. §1983, alleging violations of his Eighth and Fourteenth Amendment rights under the U.S. Constitution.

**Procedural Background**

On April 30, 2014, Plaintiff filed a Complaint seeking an order removing him from the sex offender registry and claiming that the Department of Corrections erred in calculating his original admission date by one day.  Defendants moved to dismiss, asserting claim preclusion and failure to state a claim.  Plaintiff sought leave to amend his Complaint and, after receiving extensions of time in which to do so, filed an Amended Complaint on December 16, 2014. Plaintiff's Amended Complaint raises claims similar to those in his first Complaint, but names an additional Defendant[1] and requests punitive and additional compensatory damages.

Defendants again moved to dismiss on the grounds of claim preclusion and failure to state a claim.  The Court granted Plaintiff an extension of time until May 7, 2015 to respond to the motion.  On May 5, 2015 Plaintiff filed a "Motion for Stay and Abeyance" requesting that the Court stay this action

> while he addresses the Order for Release Pursuant to Penal Code Section 1203.4, dated May 26, 1995 from the Superior Court of California Case No: VC 31574 dismissing the plea of no contest to violations of Penal Code Section 236 and 243.3 . . . Petitioner will ask the Superior Court of California to clarify its order when it reduce[sic] the conviction to a misdemeanor and allowed for dismissal of the case.

---

[1] Newly named Defendant Counselor Edsall is not represented by counsel for the Defendants and there is no indication in the record that he has been served with summons and complaint or has been asked to waive service in this matter.

FINDINGS & RECOMMENDATION – 2

[Docket #43 at 1] Defendants objected to the motion to stay and Plaintiff filed a reply reiterating the assertions set out in his Amended Complaint. Plaintiff filed no other response to Defendant's motion to dismiss.

Plaintiff has not provided a reasonable or relevant basis for this Court to grant a stay of an already much drawn out action. Accordingly, Plaintiff's motion to stay is denied. For the reasons set out below, Defendants' Motion to Dismiss should be granted.

## Claims

Plaintiff brings two claims.

Plaintiff's First Claim for Relief alleges that Defendants the Oregon State Police ("OSP"), the "Identification Services Section," and Superintendent Chris Brown violated Plaintiff's Fourteenth Amendment rights by failing to remove his name from the sex offender registry and correct information on his criminal record regarding two dismissed charges out of California. Plaintiff seeks injunctive relief, $50,000 in punitive damages, $50,000 in compensatory damages, and costs.

Plaintiff's Second Claim for Relief alleges that Defendants M. Kelly and Counselor Edsall violated Plaintiff's Eighth and Fourteenth Amendment rights because he was detained an extra day on the first of three consecutive sentences that compose a 250 month term he is currently serving in Oregon Department of Corrections custody for multiple robbery charges.

## Factual Background

The following facts are taken from Plaintiff's Amended Complaint and its accompanying exhibits and from documents judicially noticed by the Court.[2]

---

[2] The Court's reliance on judicially-noticed documents does not require it to convert a motion to dismiss into a summary judgment motion. See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir.2001) overruled on other grounds, Galbraith v. Cnty. of Santa Clara, 307 F.3d 1119, 1125–26 (9th Cir.2002). Under Fed.R.Evid. 201, courts may take judicial notice of documents that are matters of public record or are quasi-public documents. Lee, 250 F.3d

FINDINGS & RECOMMENDATION – 3

**A.  Facts Pertaining to Plaintiff's First Claim**

On March 30, 1992, Plaintiff was sentenced in California Superior Court, Solano County after pleading no contest to charges of false imprisonment and sexual battery. [Dkt. #35-1 at 4] In April 1995, Plaintiff requested relief pursuant to California Penal Code §1203.4, which allows an individual who has fulfilled the conditions of his probation for the entire duration of his probation to withdraw his plea of guilty or no contest and enter a plea of not guilty. [Dkt. #35-1 at 3]  In an Order dated May 26, 1995, the Solano County Court permitted Plaintiff to withdraw his no contest plea, entered a plea of not guilty, and ordered the case dismissed. [Dkt. #35-1 at 2]

Plaintiff alleges that on July 26, 2011, he received a copy of his criminal record from the FBI which included a criminal history report from the Identification Services Section of the Oregon State Police.  Plaintiff alleges that this report does not list the change of plea and dismissal for the California charges and that it also contains a sex offender registry number stemming from those charges.   Plaintiff alleges that he has notified OSP of the error and requested changes but that it has refused to remove him from the Oregon sex offender registry or update his record.

In April 2012, Plaintiff filed a civil action in Marion County Circuit Court in the State of Oregon against OSP and Superintendent Brown. [Dkt. #38 at 22, 27] Plaintiff asserted a single claim based upon the OSP's and Superintendent Brown's alleged failure to remove him from the sex offender registry and correct information on his criminal record.  Defendants in the Marion County Case filed a motion to dismiss, which the court granted after receiving Plaintiff's Response and Defendants' Reply. [Dkt. #38 at 28]

---

at 688-689. All the documents provided as exhibits to Defendants' motion to dismiss are public records properly subject to judicial notice.

FINDINGS & RECOMMENDATION – 4

In November, 2013, Plaintiff brought a small claims action against OSP in Marion County Circuit Court. On March 7, 2014, a trial was held with Plaintiff appearing by phone. On March 10, 2014 a judgment of dismissal was entered.

### B. Facts Pertaining to Plaintiff's Second Claim

On August 23, 2000, Plaintiff was released from federal custody in Lompoc, California after completion of a 46 month sentence. He was to then be transported by the Lane County Sheriff's Department to Oregon to serve a total of 250 months in state custody on multiple charges of robbery. Plaintiff alleges that because one of the transporting deputies became ill, Plaintiff was housed in a county jail the night of August 23, 2000. He alleges he was then transported by air to Oregon and checked into Oregon Department of Corrections ("ODOC") custody on August 24, 2000. Plaintiff alleges that ODOC has erroneously listed his admission date as August 24, 2000 instead of August 23, 2000. Plaintiff alleges that, as a result, the first of his three consecutive sentences ended on February 23, 2008 instead of February 22, 2008. Plaintiff is scheduled to be released at the end of his 250 month sentence on June 23, 2021.[Dkt. #35-1 at 13]

Plaintiff alleges that he wrote to Counselor Edsall regarding the incorrect admission date and was told to contact M. Kelly at the Offender Information and Sentence Computation Department. Plaintiff alleges he notified Kelly but received no response. He then filed a notice of tort claim with the Department of Administrative Services on January 9, 2014. In a letter dated April 14, 2014, Administrative Services denied Plaintiff's claim.

### Standards for Evaluating Motions to Dismiss Under Fed. R. Civ. P. 12(b)(6)

In evaluating a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept the allegations of material fact as true, and must construe those

FINDINGS & RECOMMENDATION – 5

allegations in the light most favorable to the non-moving party.  Parks Sch. of Bus. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  However, the court need not accept any legal conclusions set forth in a plaintiff's pleading.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege sufficient facts to state a claim for relief "that is plausible on its face." Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The court must determine whether the plaintiff has made factual allegations that are "enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 545.  Dismissal under Rule 12(b)(6) is proper only where there is no cognizable legal theory to support the claim or when there is an absence of sufficient factual allegations to support a facially plausible claim for relief.  Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010).

## Discussion

**I. Claim One**

Defendants argue that Plaintiff's first claim is barred by issue preclusion. I agree.

Federal courts in Oregon follow state law on the issue of claim preclusion. See Dodd v. Hood River County, 136 F.3d 1219, 1225 (9th Cir.1998). Under Oregon law, claim preclusion applies when the issue in the two proceedings is identical, the issue was actually litigated and was essential to the final decision on the merits in the prior proceeding, the party sought to be precluded has had a full and fair opportunity to be heard on that issue and was a party or in privity with a party to the prior proceeding, and the prior proceeding was the type to which this court will give preclusive effect.  Nelson v. Emerald People's Utility Dist., 318 Or. 99, 104, 862 P.2d 1293 (1993).

FINDINGS & RECOMMENDATION – 6

Here, it is apparent that Plaintiff's first claim in this case is identical to the issue he raised in his Marion County Circuit Court case. The facts iterated in the Amended Complaint in this case mirror those in the complaint filed in Marion County Case 12C14596. Based upon my review of the docket report and the motion papers filed in that case, I conclude that the issue Plaintiff presents here in his first claim for relief was litigated and decided on the merits in the prior proceeding in Marion County Circuit Court. I also conclude that Plaintiff had a full and fair opportunity to be heard on the issue during that proceeding and that the state court's judgment should be given preclusive effect. Accordingly, Plaintiff's claim is barred by issue preclusion and should be dismissed with prejudice.

Relying on arguments set forth in the motion to dismiss the Marion County Circuit Case 12C14596, Defendants also assert that Plaintiff's first claim fails to allege a viable cause of action. Because I conclude that Plaintiff's first claim is barred by issue preclusion and because the Marion County Circuit Court has already considered these arguments in issuing its decision to dismiss, I need not and do not address Defendants' additional proffered bases for dismissal.

**II. Claim Two**

Defendants argue that Plaintiff's second claim fails to allege sufficient facts to demonstrate that Defendant Kelly deprived Plaintiff of his constitutional rights and also fails to allege facts that could plausibly demonstrate that Plaintiff is entitled to any money damages on this claim at this time.

In Haygood v. Younger, 769 F.2d 1350 (9th Cir.1985)(en banc), the Ninth Circuit recognized that "[d]etention beyond the termination of a sentence could constitute cruel and unusual punishment if it is the result of 'deliberate indifference' to the prisoner's liberty interest." Id. at 1354. Furthermore, "prison officials who are under a duty to investigate claims of

FINDINGS & RECOMMENDATION – 7

computational errors in the calculation of prison sentences may be liable for their failure to do so when a reasonable request is made." Alexander v. Perrill, 916 F.2d 1392, 1398 (9th Cir. 1990).

Whether Plaintiff has alleged sufficient facts concerning Defendant's liability to avoid a motion to dismiss, however, is not a question yet ripe for review. A claim for damages for allegedly unconstitutional conviction or imprisonment that would necessarily imply the invalidity of the conviction or sentence is not cognizable under § 1983 absent a showing that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. See Heck v. Humphrey, 512 U.S. 477, 486–87, 114 S.Ct. 2364 (1994); Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584 (1997).

Plaintiff is currently serving the third of his three consecutive sentences, with a projected release date in 2021. His Amended Complaint contains no allegations that his confinement has been invalidated such that a § 1983 claim may proceed. Consequently, I conclude that Plaintiff's second claim is premature and should be dismissed for failure to state a claim.

## Conclusion

For the reasons set out above, Plaintiff's motion to stay is DENIED and Defendant's motion to dismiss should be GRANTED. A judgment should be entered DISMISSING Claim One with prejudice and DISMISSING Claim Two without prejudice.

## Scheduling Order

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due August 21, 2015. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 4th day of August, 2015.

      /s/ John Jelderks
John Jelderks
U.S. Magistrate Judge

FINDINGS & RECOMMENDATION – 9