IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**EDMUND KEITH BRADSHAW**,

        Plaintiff,

v.

**OREGON STATE POLICE DEPARTMENT; IDENTIFICATION SERVICES SECTION; CHRIS P. BROWN, Superintendent; M. KELLY; JOHN DOE 1-10,** *et al.***; COUNSELOR EDSALL**,

        Defendants.

Case No. 6:14-cv-00717-JE

**OPINION AND ORDER ADOPTING FINDINGS AND RECOMMENDATION IN PART**

Edmund Keith Bradshaw, #13922120, Oregon State Penitentiary, 2605 State Street, Salem, OR 97310-0505. Plaintiff *pro se*.

Andrew D. Hallman, Oregon Department of Justice, 1162 Court Street, NE, Salem, OR 97301. Attorney for Defendants.

**Michael H. Simon, District Judge.**

      United States Magistrate Judge John Jelderks issued Findings and Recommendation in this case on August 4, 2015. Dkt. 46. Judge Jelderks recommended that the Court deny Plaintiff's motion to stay and grant Defendant's motion to dismiss. Judge Jelderks further recommended that the Court enter a judgment dismissing Plaintiff's first claim with prejudice and dismissing Plaintiff's second claim without prejudice.

      Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C.

PAGE 1 – OPINION AND ORDER

§ 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

Plaintiff timely filed an objection. Dkt. 49. Plaintiff's objection restates allegations from his Amended Complaint. Defendants filed a brief response to Plaintiff's objections, stating that they continue to rely on their previous submissions in the case. Dkt. 50. The Court has reviewed *de novo* Judge Jelderk's Findings and Recommendation, as well as Plaintiff's objections, Defendant's response, and the underlying pleadings and briefing.

## A. Claim One

Plaintiff's first claim asserts that his criminal history record is not accurate and that as a result, his name improperly appears on the Oregon state sex offender registry. Plaintiff previously litigated these issues in the Marion County Circuit Court. His claim was dismissed.

"Federal courts must give state court judgments the same preclusive effect as they would be given by courts of that state." *Dodd v. Hood River Cnty.*, 136 F.3d 1219, 1225 (9th Cir. 1998). In Oregon, issue preclusion applies if: (1) the issue in the two proceedings is identical; (2) the issue was actually litigated and was essential to a final decision on the merits in a prior proceeding; (3) the party sought to be precluded has had a full and fair opportunity to be heard on that issue; (4) the party sought to be precluded was a party or was in privity with a party to the prior proceeding; and (5) the prior proceeding was the type of proceeding to which this court will give preclusive effect. *Lingo v. City of Salem*, 2014 WL 1347468, at *4 (D. Or. April 4, 2014) (citing *Nelson v. Emerald People's Util. Dist.*, 318 Or. 99, 104 (1993)).

Plaintiff's Amended Complaint alleges that his life has been put in danger as a result of his registration as a sex offender. He did not allege this harm in the Marion County Circuit Court case. The underlying issues regarding the accuracy of his criminal history record and sex

PAGE 2 – OPINION AND ORDER

offender registration, however, remain the same. Thus, Plaintiff is barred by issue preclusion from asserting that he is improperly listed as a sex offender. Accordingly, he cannot state a claim under his first claim for relief and amendment would be futile.

## B.  Claim Two

Plaintiff's second claim alleges that his sentence has been improperly calculated. The Findings and Recommendation found that this claim was barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). The Court does not agree that *Heck* bars Plaintiff's second claim. "*Heck* bars a § 1983 action *only* if the action's success will *necessarily* imply the invalidity of a state court's judgment." *Thornton v. Brown*, 757 F.3d 834, 845 (9th Cir. 2013) (emphasis in original). "[A] claim does not necessarily imply the invalidity of a conviction or sentence under *Heck* unless its success will inevitably call into question the state court judgment that led to the plaintiff's custody." *Id.* at 843 (quotation marks and citation omitted). Plaintiff does not challenge his sentences or his underlying convictions or judgments. Rather, he challenges only the calculation of his sentencing start date. If Plaintiff were to succeed on this claim, it would not affect the validity of any state court judgment. Accordingly, *Heck* does not apply.

It is unclear, however, whether Plaintiff is challenging the calculation of the sentence he is currently serving or the first of his three consecutive sentences that he began serving on August 24, 2000. If the former, then his claim for monetary damages is not yet ripe. *See Alcoa, Inc. v. Bonneville Power Admin.*, 698 F.3d 774, 793 (9th Cir. 2012) ("We have dismissed claims that are based solely on harms stemming from events that have not yet occurred, and may never occur, because the plaintiffs raising such claims have not 'suffered an injury that is concrete and particularized enough to survive the standing/ripeness inquiry.'"). Any harm relating to the

alleged miscalculation of the sentence Plaintiff is currently serving would not occur until his 2021 release date.[1]

If Plaintiff's second claim challenges the calculation of the first of his three consecutive sentences, then his claim is not timely because it falls outside of the statute of limitations. A two-year statute of limitations applies to § 1983 claims brought in Oregon. *Stafford v. Winges-Yanez*, 2015 WL 5331242, * 3 (D. Or. Sept. 9, 2015) (citing *Sain v. City of Bend*, 309 F.3d 1134, 1136 (9th Cir. 2002)). Plaintiff's first consecutive sentence began on August 24, 2000 and ended on February 23, 2008. As alleged by Plaintiff, he did not challenge his sentence computation and ask to have his start date corrected until March 16, 2012. He did not file this lawsuit until April 30, 2014. Both of these dates are well after Plaintiff finished serving his first sentence.[2]

The Court adopts the conclusions recommended by Judge Jelderks for the reasons stated herein. Plaintiff's Motion to Stay (Dkt. 43) is DENIED. Defendant's Motion to Dismiss (Dkt. 38) is GRANTED. Plaintiff's first claim is DISMISSED with prejudice. Plaintiff's second claim is DISMISSED without prejudice. Plaintiff has leave to amend his second claim on or before October 23, 2015, if he can allege facts sufficient to overcome the two-year statute of limitations.

**IT IS SO ORDERED**.

DATED this 18th day of September, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

---

[1] The Court expresses no opinion as to whether Plaintiff may pursue administrative remedies or injunctive relief before the conclusion of his current sentence.

[2] Plaintiff has leave to amend his complaint if he is able to plead facts sufficient to avoid the statute of limitations.